THE STATE EX REL. WHITE ET AL., APPELLEES AND CROSS-
APPELLANTS, *v.* CUYAHOGA METROPOLITAN HOUSING
AUTHORITY, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. White v. Cuyahoga Metro.
Hous. Auth.* (1997), 79 Ohio St.3d 543.]

(No. 96–1545—Submitted July 7, 1997—Decided October 1, 1997.)

*Butler, Feighan, Hyland & Modica, Dennis F. Butler* and *Joseph E. Feighan,* for appellees and cross-appellants.

*Graves & Horton, Earle C. Horton, Harold C. Reeder* and *Brett E. Horton,* for appellant and cross-appellee.

---

*Per Curiam.* Initially, we must determine whether we have jurisdiction to consider the merits of this appeal and cross-appeal. Subject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case. *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196, 200. It may be raised *sua sponte* by an appellate court. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728, 731.

Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs. Section 2(B)(2)(a)(i), Article IV, Ohio Constitution. R.C. 2505.03 limits the appellate jurisdiction of any court, including the Supreme Court, to the review of final orders, judgments, or decrees. *Wright,* 75 Ohio St.3d at 84, 661 N.E.2d at

731. R.C. 2505.02 defines a "final order that may be reviewed, affirmed, modified, or reversed, with or without retrial" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

The two categories of final orders that might apply to the court of appeals' order are (1) orders that affect a substantial right in an action which in effect determine the action and prevent a judgment, and (2) orders that affect a substantial right made in a special proceeding. R.C. 2505.02.

Both of these categories require that the order affect a substantial right in order to be final and appealable. A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414; *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383. Here, the court of appeals' order granting extraordinary relief in mandamus affects substantial rights of the parties.

The court of appeals' order was not made in a special proceeding, as required by the second category of final orders under R.C. 2505.02. Orders that are entered in actions that were recognized at common law or equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, overruling *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. Since both class action suits and complaints for writs of mandamus were recognized at common law, orders entered in either action are not made in a special proceeding under R.C. 2505.02. See, *e.g.*, *Blumenthal v. Medina Supply Co.* (1995), 100 Ohio App.3d 473, 475, 654 N.E.2d 368, 369, citing *Hansberry v. Lee* (1940), 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 ("Class action suits were known at common law."); *State ex rel. Moyer v. Baldwin* (1908), 77 Ohio St. 532, 538, 83 N.E. 907, 908 ("The jurisdiction in mandamus that is conferred by the [Ohio] Constitution is the common-law jurisdiction as it then was exercised in this state * * *."); *Shoff v. Shoff* (July 27, 1995), Franklin App. No. 95APF01–8, unreported, 1995 WL 450249.

Therefore, the dispositive jurisdictional issue is whether the court of appeals' entry determined the action and prevented a judgment, as required by the first category of R.C. 2505.02 final orders. The court of appeals ruled that CMHA was liable for prior service vacation credit, including back vacation time from the date the mandamus action was filed, but did not specify an amount of damages. Instead, the court of appeals provided a procedure to implement its order: notification of individual class members, application by class members to verify

and establish prior qualifying service with appropriate documentation and vacation policies provided by CMHA, and resolution of disputes between any individual class member and CMHA by a court-appointed commissioner.

Generally, orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment. *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 53, 671 N.E.2d 13, 15–16; see, also, *Fireman's Fund Ins. Cos. v. BPS Co.* (1982), 4 Ohio App.3d 3, 4 OBR 23, 446 N.E.2d 181. This general rule is similar to that applied in federal cases to determine whether an order entered by a federal court is final and appealable under Section 1291, Title 28, U.S.Code. See, *e.g., Parks v. Pavkovic* (C.A.7, 1985), 753 F.2d 1397.

Courts have recognized an exception to the foregoing general rule. Under this exception, a judgment not completely determining damages is a final appealable order where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains. See, *e.g., Boeing Co. v. Van Gemert* (1980), 444 U.S. 472, 479–480, 100 S.Ct. 745, 750, 62 L.Ed.2d 676, 682–683, fn. 5; *McMunn v. Hertz Equip. Rental Corp. v. Eichleay Corp.* (C.A.7, 1986), 791 F.2d 88, 90; *U.S.A. v. Brook Contracting Corp.* (C.A.3, 1985), 759 F.2d 320, 323; *Pledger v. Bosnick* (1991), 306 Ark. 45, 811 S.W.2d 286.

This exception is inapplicable here. For example, in *Boeing,* 444 U.S. at 476, 100 S.Ct. at 748, 62 L.Ed.2d at 680, fn. 1, the federal district court entered judgment in favor of the certified class for the principal sum of $3,289,359 plus statutory interest. Although the amount due the individual class members had not been ascertained, "[n]othing in the court's order made Boeing's liability for this amount contingent upon the presentation of individual claims." *Id.,* 444 U.S. at 480, 100 S.Ct. at 750, 62 L.Ed.2d at 682, fn. 5. The Supreme Court of the United States determined that the judgment awarding the class a fixed recovery was final and appealable. *Id.,* 444 U.S. at 480, 100 S.Ct. at 750, 62 L.Ed.2d at 683, fn. 5. In contrast, the entry here did not fix CMHA's total liability to the certified class.

Similarly, unlike other cases applying the exception, it is not evident that only a ministerial task similar to executing a judgment or assessing costs remains for the court of appeals. See *Parks, McMunn,* and *Pledger.* In fact, the court of appeals' entry envisions the possibility of disputes concerning alleged class members' individual claims by providing a dispute resolution procedure and appointing a commissioner. Subsequent appeals from orders resolving these disputes are not necessarily unlikely. Further, the court of appeals has not yet considered evidence regarding CMHA's vacation policies. See *State ex rel. N.*

*Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 534–535, 597 N.E.2d 136, 140 (Court of appeals erred in not evaluating employee's prior state service under city's vacation accrual policy to determine whether prior state service satisfied policy's conditions for vacation eligibility.).

Based on the foregoing, the court of appeals' entry issuing a writ of mandamus neither determined the action nor prevented a judgment. The entry consequently is not a final appealable order under R.C. 2505.02, and we lack the requisite jurisdiction to consider the merits of this appeal and cross-appeal. Accordingly, the appeal and cross-appeal are dismissed.

*Appeal and*
*cross-appeal dismissed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.