DECISION AND JUDGMENT ENTRY
This is an appeal from a Pike County Court judgment. Our review of the record reveals that the judgment did not resolve the issue of court costs.
Subsequently, appellee filed a Motion to Recover Costs. The trial court set the Motion for a non-oral hearing. Appellant then filed his notice of appeal. Appellant also filed a Motion for Stay in the trial court asking that all proceedings below be stayed pending this appeal. The trial court did not rule upon the motion to recover costs or the motion for stay. For some unknown reason, the notice of appeal was not filed until January 5, 2001 in the Court of Appeals.
Upon consideration, this court finds that the issue of costs remains outstanding and unresolved. Generally, the matter of court costs is easily calculable and may be determined by a simple ministerial, mathematical calculation. If, however, the amount of court costs are sincerely in dispute and may not be determined by simple calculation, a trial court's judgment will not be deemed to be a final appealable order until the court cost dispute is resolved. See, generally, State ex re.White v. Cuyahoga Metropolitan Housing (1997), 79 Ohio St.3d 543, 546,68 N.E.2d 72, 75. In the case sub judice, it appears that a controversy exists concerning the appropriate amount of court costs.
We further note that the trial court's judgment provides that the judgment "constitutes a final appealable order." An appellate court is not, however, bound by a trial court's determination that its judgment constitutes a final appealable order. See, Ft. Frye Teachers Assn. v.Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840. See, also, Pickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4; McCoy v. Hines (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5.
Accordingly, because the judgment from which this appeal is taken does not constitute a final appealable order, we lack jurisdiction to consider the instant appeal. Thus, we hereby dismiss the appeal.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 __________________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J. Concur.