OPINION
In this case, Plaintiff, Jennifer Clark, appeals from a trial court decision granting partial summary judgment to Marion Grillot, dba Grillot Construction Company (Grillot Construction). According to the record, Jennifer attended a party on December 31, 1994, at the home of Defendants, James and Dianna Grillot. The home was built in 1992 by James' brother, Marion. Grillot Construction was the general contractor for the construction.
Jennifer was injured at the party when she fell down the basement stairs. The alleged cause of the fall was that the basement door swung inward over the basement stairs, but did not have a landing or a handrail. The original home construction plans called for the door to swing out into the garage instead of over the basement stairs. However, this design would have made the garage and basement doors bang into each other when they were opened. Consequently, at James' and Dianna's request, the building plans were modified to change the direction of the opening.
At the time of the fall, Jennifer was a minor and was the girlfriend of the Grillot's son, Rob. Jennifer had not previously been to the house before that night. As a result of the fall, Jennifer sustained injuries, including a closed head injury.
Jennifer filed suit against James and Dianna in 1997, but did not sue Grillot Construction. James and Dianna did, however, file a third-party complaint against the construction company. Subsequently, Jennifer dismissed her case against James and Dianna without prejudice, and re-filed in June, 1999. She again sued only James and Dianna. Once more, James and Dianna filed a third-party complaint against Grillot Construction. All parties agree that Jennifer's direct claim against Grillot Construction is barred by the statute of limitations.
In the complaint, Jennifer claimed that James and Dianna were negligent and/or negligent per se because the stairway and doorway did not conform to applicable codes and regulations. She additionally claimed that James and Dianna were negligent in maintaining an unsafe condition on their premises and in failing to warn of a dangerous and/or defective condition. In the third-party complaint, James and Dianna denied being negligent, but asked for contribution and indemnification from Grillot Construction in the event that they were found liable for Jennifer's claims. Subsequently, Grillot Construction filed an answer to the third-party complaint and a counterclaim against James and Dianna, also seeking contribution and indemnification.
Shortly after the case was re-filed, James and Dianna moved for summary judgment. In the motion, they claimed to have relied on the fact that their home had passed all inspections before occupancy. They also said they were not aware that a dangerous or defective condition existed. Accordingly, James and Dianna contended that they were not negligent.
Following Jennifer's response, the trial court overruled the motion for summary judgment on April 6, 2000. In the decision, the court found genuine issues of material fact regarding the liability of James and Dianna. Specifically, the court found that questions of fact existed concerning:
 whether a reasonably prudent homeowner would realize that a person entering the home for the first time would not know that the doorway entered into a stairwell; whether Plaintiff entered the stairway without caring for her own safety; whether there was adequate lighting for the Plaintiff to observe the condition of the stairwell; whether Plaintiff's consumption of beer was a factor in her conduct; whether Defendants Grillot, individually or through their acquiescence permitted alcohol consumption by underage persons on their premises; whether building codes existed in Darke County at the time and whether violation of any building codes was causally connected to Plaintiff's fall.
Trial was then scheduled to begin on January 16, 2001, on the issue of liability only. However, on January 9, 2001, Jennifer, James, and Dianna filed a consent judgment in the amount of $350,000. The consent judgment incorporated an attached settlement agreement, in which James, Dianna, and Jennifer agreed to the consent judgment. Jennifer additionally agreed not to collect on the judgment against James and Dianna or to file any actions against their insurer.
In consideration of the agreement, James and Dianna assigned to Jennifer all their rights regarding the third-party complaint against Grillot Construction, "including, but not limited to, any claims for indemnification or contribution." The agreement also contained the following paragraph:
 State Farm Fire and Casualty Co., as the liability insurer of James M. Grillot and Dianna L. Grillot, agrees to pay to Jennifer E. Clark, on behalf of its insureds, James M. Grillot and Diana L. Grillot; (1) the lesser of THIRTY-FIVE THOUSAND AND 00/100 DOLLARS ($35,000) or the amount of James M. Grillot and Diana L. Grillot's proportionate share of any common liability that they may have with the builder, Marion Grillot, dba Grillot Construction Co., to Jennifer E. Clark, if the aforesaid case proceeds to trial or other method of dispute resolution and there is a determination and apportionment of fault; or (2) THIRTY-FIVE THOUSAND AND 00/100 DOLLARS ($35,000) if the aforesaid court case is settled or otherwise resolved without apportionment of fault at trial or other method of dispute resolution.
After receiving the executed agreement, Grillot Construction filed a motion for partial summary judgment. This motion made two main points. The first was that the value of the contribution and indemnification claims could not exceed $35,000 as a matter of law because contribution and indemnity only arise to the extent that a party seeking recovery has paid the legal obligation of another. The second point was that contribution was barred because the settlement agreement did not extinguish Grillot Construction's liability. See R.C. 2307.32(B)
In responding, Jennifer denied that the case involved contribution. She contended that James and Dianna were only secondarily liable, based on their non-delegable duty as owners to comply with building codes. Consequently, Jennifer claimed that James and Dianna had the right to recover proper expenditures from the party primarily liable, i.e., Grillot Construction. Jennifer argued that James and Dianna had settled the case in order to limit their litigation costs and exposure to damages. According to Jennifer, the assignment of the indemnification claim had substantial value and provided a substantial part of the consideration for the agreement. Therefore, limiting her potential recovery to the sum of the money consideration would effectively make the assignment valueless. Consequently, Jennifer claimed that she should be allowed to proceed against Grillot Construction for the full amount of the $350,000 judgment.
In oral argument on the partial summary judgment motion, the parties agreed that no contribution claim currently existed, and that indemnification was the only issue. After oral argument, the trial court granted partial summary judgment for Grillot Construction. Specifically, the court found that under indemnification principles, Jennifer could recover from Grillot Construction no more than James and Diana Grillot would be required to pay. Since that amount was a maximum of $35,000, the court said the jury would be instructed at trial that the maximum damages award would be $35,000.
The trial court also made a Civ. R. 54(B) certification, based on the fact that the settlement agreement had already obligated James and Dianna to pay Jennifer the sum of $35,000. Since nothing further could be recovered, the court found that its decision determined the action and prevented a judgment under R.C. 2505.02.
Jennifer now appeals, asserting the following single assignment of error:
 The trial court erred in granting partial summary judgment on behalf of Third Party Defendant and thereby limiting Plaintiff's damages as an assignee of an assignment of a cause of action against said Third Party Defendant by Defendant/Third Party Plaintiff to the amount agreed to as partial consideration of the settlement agreement that included the assignment.
 I
Before we can address the assignment of error, we must first consider the issue of our subject matter jurisdiction. This is an issue we may raise sua sponte. State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544. Although the trial court designated the partial summary judgment order in this case as a final appealable order, subject matter jurisdiction may not be bestowed on a court. Id.
For the order in question to be a final appealable order, it must satisfy the requirements of R.C. 2505.02. As we mentioned, the trial court felt the order was appealable under R.C. 2505.02(B)(1), because it was "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In this regard, the trial court believed that the settlement agreement had already obligated James and Dianna to pay Jennifer the sum of $35,000. Therefore, since nothing further could be recovered from Grillot Construction, the court felt that its decision determined the action and prevented a judgment in Jennifer's favor.
As a general rule, "orders determining liability in the plaintiffs' or relator's' favor and deferring the issue of damages are not final appealable orders." 79 Ohio St.3d at 546. The converse would also be true, i.e., a final order would not exist where damages have been decided but liability is unresolved. Consequently, the order in the present case would not be final for purposes of appeal if either liability or damages was not resolved.
We said earlier that a consent judgment was filed in this case by James, Dianna, and Jennifer. "A consent judgment is an agreement between contending parties in a case, which meets with the approval of the court. In the absence of fraud, a judgment or decree of a court having jurisdiction over the subject matter, rendered with the consent of the parties. is binding and conclusive between the parties." Goetz v. FirstBenefits Agency, Inc. (Oct. 15, 1997), Summit App. No. 18381, unreported, 1997 WL 669727, p. 2. Consent judgments operate as resjudicata to the same extent as judgments on the merits. Horne v.Woolever, (1959), 170 Ohio St. 178, 182. Therefore, if the consent judgment is binding on Grillot Construction, liability would, in fact, have been determined.
However, while the consent judgment is binding on James, Dianna, and Jennifer, it is not binding on Grillot Construction. Significantly, although Grillot Construction was a party to the action, it did not have notice of the proposed judgment, did not participate in negotiations, and did not consent to the judgment.
In certain situations, parties may be bound by a consent judgment, even when they are not parties to the action in which the judgment is obtained and do not agree to the judgment. For example, in Columbus v. Alden E.Stilson Assoc. (1993), 90 Ohio App.3d 608, an indemnitor who received proper notice and a chance to defend was bound by a consent judgment entered into by the indemnitee. However, the situation in the present case is quite different.
Unlike the indemnitor in Stilson, Grillot Construction did not refuse to defend or participate in an action brought against an indemnitee. Instead, Grillot Construction has been a party to this case at all relevant times. Stilson also involved a different type of indemnification. Specifically, the indemnitor in Stilson signed a contract containing an indemnity clause. This clause explicitly required the indemnitor to assume the indemnitee's defense of any claims or liabilities. Id. at 611. Proper notice of a pending action was given to the indemnitor, who refused to defend. As a result, the indemnitee defended and then entered into a consent judgment. Under the circumstances, the court held that the indemnitor was bound by the judgment. Id. at 617. However, because the court also found the liability "contrived," it decided, for public policy reasons, not to enforce the entire amount of the judgment. Id.
In contrast to Stilson, the present case involves implied indemnification, which is "the right, arising out of an implied contract, of a person who has been compelled to pay what another should pay, to obtain complete reimbursement." USX Corp. v. Penn Cent. Corp. (2000), 137 Ohio App.3d 19, 28 (citations omitted). This type of indemnification arises in:
 "situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other. * * * Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant."
Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391,394 (citation omitted). In such situations, no formal duty to defend exists, and an indemnitor of this type does not act wrongfully by refusing to defend the "indemnitee."
In view of the above discussion, Grillot Construction is not bound in any way by a consent judgment in which it had no opportunity to participate, and its liability to Jennifer Clark has never been determined. Accordingly, since Grillot Construction's liability has never been determined, no final appealable order exists. For all anyone knows, a jury may find that no one acted negligently. The jury could also find that Jennifer failed to use due care for her own safety. And, of course, contrary findings are possible. We also note that no determination of damages has ever been made, i.e., we have no idea if a jury would even award $35,000 in damages.
We understand the trial court's position concerning the futility of trial if no further damages can be recovered. We are not unsympathetic. However, every litigant risks trying a case and receiving nothing, or having errors occur that may cause a costly re-trial. Despite these possibilities, we cannot issue advisory opinions. Broadnax v. GreeneCredit Service (1997), 118 Ohio App.3d 881, 894.
Accordingly, since no final appealable order exists, this appeal is dismissed for lack of jurisdiction.
IT IS SO ORDERED.
WOLFF, P.J., and FAIN, J., concur.