OPINION
{¶ 1} Defendant-appellant, University of Cincinnati Police Department, appeals from the judgment of the Ohio Court of Claims granting judgment as to liability to plaintiff-appellee, Monty Parrett. For the following reasons, we dismiss and remand.
{¶ 2} On October 26, 1997, Ralph L. Trost, a police officer employed by the University of Cincinnati, attended a "Law Enforcement Expo" at Eastgate Mall, in Union Township, Ohio. During the Expo, Officer Trost displayed a police motorcycle. To facilitate the return of the motorcycle to the university after the Expo, Officer Trost asked his brother, Terry A. Trost, to deliver his truck and a trailer to the Expo. While en route to Eastgate Mall in the truck, Terry Trost negligently struck and injured appellee.
{¶ 3} On September 3, 1999, appellee brought suit against appellant, alleging that: (1) appellant negligently failed to establish and/or instruct its officers about procedures regarding the transport of motorcycles; and (2) appellant was liable for appellee's injuries pursuant to the respondeat superior doctrine. Trial on appellee's suit was bifurcated as to the issues of liability and damages. Instead of trying the liability issue, the parties submitted joint stipulations to the trial court for a determination.
{¶ 4} On August 27, 2001, the trial court concluded that appellant was liable for the actions of Terry Trost under the respondeat superior doctrine, and rendered judgment for appellee in an amount that would be determined after a trial on the issue of damages. On January 22, 2002, the trial court granted the parties' joint motion for Civ.R. 54(B) certification, and determined that there was "no just cause for delay" of the appeal of the August 27, 2001 judgment.
On appeal, appellant assigns the following error:
{¶ 5} "The Court of Claims erred by finding that Terry Trost was an employee or agent of the University and that the University was liable for his negligence."
{¶ 6} Although neither party has raised the issue, this court must initially determine whether we have subject matter jurisdiction to consider the merits of this appeal. State ex rel. White v. Cuyahoga Metro. Housing Auth. (1997), 79 Ohio St.3d 543, 544. R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgment and decrees. Id.
Ohio courts have consistently followed the long-standing rule that:
{¶ 7} "Where a separate trial on the issue of liability is held, and the issue of liability is determined in favor of the plaintiff, an entry of judgment by the trial court in favor of the plaintiff on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order." Fireman's Fund Ins. Co. v. BPS Co. (1982), 4 Ohio App.3d 3, 4. See, also, State ex rel. White v. Cuyahoga Metro. Housing Auth., supra, at 546 ("[O]rders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02
because they do not determine the action or prevent a judgment."); Butler, Cincione, DiCuccio Dritz v. Werner (May 19, 1988), Franklin App. No. 88AP-142 ("Whether following a trial or upon a motion for a default judgment, an order granting `judgment' upon the issue of liability only, with the issue of damages being reserved for future determination, is not a final appealable order."); Triplett v. Rosen (Apr. 5, 1988), Franklin App. No. 87AP-72 ("[T]he judgment entry in question is not a final appealable order for the reason that although judgment was granted the plaintiff herein, the trial court has not, as yet, addressed the issue of damages.").
{¶ 8} Moreover, even if a trial court employs Civ.R. 54(B) language that there is "no just reason for delay," a judgment as to liability only cannot become a final, appealable order. Noble v. Colwell (1989), 44 Ohio St.3d 92, 96. As we noted in Fireman's Fund Ins. Co., supra, at 4, Civ.R. 54(B) "is designed to be used only in those cases where there are multiple claims or parties and there is an otherwise final adjudication of less then all of the claims or of the rights of less than all of the parties."
{¶ 9} Here, the trial court issued a judgment as to the liability issue only. Damages have yet to be determined. Accordingly, the August 27, 2001 judgment is not a final, appealable order. Further, the trial court's express determination that there was "no just cause for delay" does not transform the August 27, 2001 judgment into a final, appealable order.
{¶ 10} For the foregoing reasons, this appeal is dismissed and the case remanded to the trial court for further proceedings in accordance with law.
Appeal dismissed and case remanded.
LAZARUS and BROWN, JJ., concur.