OPINION
{¶ 1} Defendants-appellants, Kevin Ezell and Buffie Sammons-Ezell, appeal from an entry of and a pending motion before the Franklin County Municipal Court. For the following reasons, we dismiss and remand.
{¶ 2} Beginning on February 28, 2001, appellants rented an apartment from plaintiff-appellee, Scioto Bay Properties. On August 17, 2001, appellee filed a complaint in the municipal court against appellants seeking unpaid rent and an eviction order. Appellants filed counterclaims for "mental anguish and breaking and entering," and sought $25,000 in damages. Because the amount of damages sought by appellants exceeded the jurisdictional limit of the municipal court, the court transferred the case to the Franklin County Court of Common Pleas.
{¶ 3} On September 14, 2001, appellee filed a second complaint against appellants, virtually identical to its first, in the municipal court. When appellants filed a counterclaim for "breaking and entering and mental anguish and harassing" seeking $50,000 in damages, appellee countered with a motion to strike the counterclaim. The municipal court granted the motion and retained jurisdiction over this second action. Thus, two duplicative actions are now simultaneously pending in two different courts. Both actions are now before us on separate appeals from each court.
{¶ 4} On February 13, 2002, appellants filed two motions in the action before the municipal court: a "Motion for this Case to Foward [sic] to Commons [sic] Pleas Because it Exceeds Municipal Court Juidtion [sic]" and a "Motion for Contempt of Court Against Alan P. Friedman for Filing a Second Action 2001 CVG 034021 Which First Action 01 CVH-09-9490 is Still Pending." On March 8, 2002, the municipal court issued an entry overruling both motions.
{¶ 5} Appellants responded to the March 8, 2002 entry by filing a "Motion to Correct and for Findings by Court," in which appellants apparently sought reconsideration of the March 8, 2002 entry. The day after filing this motion, appellants filed a notice of appeal, giving notice of an appeal from "the advers [sic] judgment rendered by the Court on March 7th, 2002, and journalized March 11, 2002, as a NOTICE OF COURT ORDER wherein the MOTION FOR CONTEMPT was OVERRULED and refiled as a MOTION TO CORRECT and for FINDINGS BY COURT as a CLERICAL ERROR required to be brought before the court pursuant to R.C. § 2701.11 12 for correction."
{¶ 6} On appeal, appellants assign the following errors:
{¶ 7} "[1.] The trial court in the case under review was without jurisdiction of the parties in case No. M201CVG034021 because the subject matter therein was collaterally estopped by an earlier filing of the same subject matter in case No. M2001CVG030528 which had been certified to Franklin County Common Pleas Court and where said action is pending in that court under case No. 01CVH03-9490.
{¶ 8} "[2.] The appellee had no authority to file duplicative actions before two separate courts on the same subject matter and was substantially prejudicial to the constitutional rights of the appellant.
{¶ 9} "[3.] The trial court committed prejudicial error to the substantial rights of appellant when it failed to enter default judgment or otherwise determine the merits of the motion to correct and render findings."
{¶ 10} Although neither party has raised the issue, this court must initially determine whether we have subject matter jurisdiction to consider the merits of this appeal. State ex rel. White v. Cuyahoga Metro. Housing Auth. (1997), 79 Ohio St.3d 543, 544. R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgment and decrees. Id.
{¶ 11} An order is a final order and can be reviewed by this court when it is one of the following:
{¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
{¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
{¶ 14} "(3) An order that vacates or sets aside a judgment or grants a new trial;
{¶ 15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
{¶ 16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
{¶ 17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
{¶ 18} "(5) An order that determines that an action may or may not be maintained as a class action." R.C. 2505.02(B).
{¶ 19} The March 8, 2002 entry appellants appeal from does not fall within any of these categories. This entry does not determine the action, vacate or set aside a judgment or grant a new trial. The action itself is, in essence, a breach of contract action and not a special proceeding. Even assuming the municipal court has denied a "provisional remedy," the court's decision can be reviewed effectively upon final judgment. Therefore, the entry at issue is not a final, appealable order.
{¶ 20} Further, we conclude that appellants' appeal of a motion that was pending before the trial court at the time the notice of appeal was filed is not even an "order," much less final and appealable.
{¶ 21} For the foregoing reasons, this appeal is dismissed and the case remanded to the Franklin County Municipal Court for further proceedings in accordance with law.
Appeal dismissed and case remanded.
BOWMAN and LAZARUS, JJ., concur.