DECISION
{¶ 1} In 1998, Jennifer Siesel was fatally injured when her vehicle was struck by an uninsured motorist. Also involved in the accident were her husband, Daniel Siesel, and her son, both of whom survived. In 2000, Daniel Siesel, in his individual, administrative, and guardian capacities, filed an action seeking uninsured motorist benefits. Subsequently, Jennifer Siesel's parents, three sisters, and brother filed additional claims, many of which were premised upon application of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660; Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557; and Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27. All of the claims arising out of the accident were consolidated. The record indicates no less than eight individual family members are named as plaintiffs in various capacities, with ten insurance companies being named as defendants. Several parties filed motions for summary judgment, and the trial court, with the agreement of the parties, tried the damage claims prior to ruling on the pending motions. The damage claims were tried to a jury in July 2001, and the jury awarded plaintiffs approximately $5.7 million.
 {¶ 2} On July 3, 2002, the Franklin County Court of Common Pleas issued a judgment entry stating:
 {¶ 3} "This matter was tried before a jury, and the jury rendered its verdict on July 20, 2001. The Court having denied Defendants Liberty Mutual Insurance Company's and Cincinnati Insurance Company's Motion For Judgment Notwithstanding The Verdict, Or In The Alternative For A New Trial, the Court hereby enters Judgment in favor of Daniel Siesel on his personal injury claim in the amount of $1,527,000, and the Estate of Jennifer Ann Siesel on the Estate's wrongful death claim in the amount of $4,198,500. The Court further awards prejudgment interest on the entire award at a rate of 10% per annum, commencing July 20, 2001.
 {¶ 4} "The Court finds pursuant to Civ. R. 54(B) that although certain motions regarding insurance coverage and the prioritization of claims remain pending, there is no just reason to delay an appeal of this action."
 {¶ 5} Transcontinental Insurance Company filed a notice of appeal[1] setting forth the following assignments of error:
 {¶ 6} "Assignment of Error No. 1:
 {¶ 7} "The trial court erred in entering judgment without first determining whether Transcontinental and other similarly-situated Defendants were obligated to pay Uninsured Motorists benefits to Rita Willman, to the Estate of Jennifer Siesel, to Daniel Siesel or to any other individual Plaintiff.
 {¶ 8} "Assignment of Error No. 2:
 {¶ 9} "The trial court erred in entering judgment without specifying the Defendants against whom judgment was entered."
 {¶ 10} Before addressing the assignments of error, we must first determine whether there is a final appealable order.
 {¶ 11} This court only has jurisdiction to review final orders, and where a judgment does not meet the requirements of R.C. 2505.02 and Civ. R. 54(B), the appeal must be dismissed. General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 21. Pursuant to R.C. 2505.02, an order is final when it is "(1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] (2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 12} Generally, orders determining liability in the plaintiff's favor but deferring the issue of damages are not final appealable orders because they do not determine the action or prevent a judgment. State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543,546. Likewise, orders determining damages but deferring the issue of liability are not final appealable orders. A damage award does not, in effect, determine the action or prevent a judgment, it merely states that a party has been harmed and may be entitled to recover a monetary award.
 {¶ 13} An appellate court can only fully review the propriety of a damage award in the context of liability. For example, a damage award may be appropriate and in the appropriate amount, but assessed against the wrong party or parties, or the defendant may not be liable and the issue of damages moot. To sever the issue of damages from the issue of liability is to invite piecemeal appeals — the very thing Civ. R. 54(B) was designed to guard against.
 {¶ 14} While the trial court attempted to create a final order by including Civ. R. 54(B) language in its entry, the inclusion of such language does not necessarily determine the finality of an order, and only where the requirements of R.C. 2505.02 are met does an order become final. See General Acc., supra.
 {¶ 15} Because the July 3, 2002 judgment entry of the Franklin County Court of Common Pleas is not a final appealable order, pursuant to R.C. 2505.02 and Civ. R. 54(B), we do not have jurisdiction to consider this action on appeal. Accordingly, this action is sua sponte dismissed for lack of jurisdiction.
Appeal dismissed.
BRYANT and TYACK, JJ., concur.
[1] Appeals were filed by a number of other parties but those appeals have been dismissed by the parties.