JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiffs-appellants, Jonathon Wilkes, Collin Schroeder, Federico Miranda and Timothy Ratcliffe, appeal the judgment of the Cuyahoga County Common Pleas Court that had the effect of dismissing appellants' claims for damages against defendants-appellees, J J Enterprises, Inc., Jock Moell, Jeff Smith and John Doe. For the reasons that follow, we dismiss the appeal.
 {¶ 2} Appellants allege in their amended complaint that they are or were employed as managers of various Marco's Pizza franchises owned and operated by defendants-appellees, J J Enterprises, Inc., Jock Moell, Jeff Smith and an unnamed defendant-appellee, John Doe (collectively referred to as "J J Enterprises") and that they regularly worked overtime without compensation by virtue of their exempt status as salaried employees. Appellants claim that J J Enterprises engaged in unlawful business practices under the Ohio Minimum Fair Wage Standard Law, codified at R.C. Chapter 4111, and the Fair Labor Standards Act ("FLSA"), codified at Section 201, Title 29, U.S. Code, when it regularly deducted cash shortages from their salary. By doing so, appellants claim that J J Enterprises could no longer classify them as exempt employees and therefore owes them overtime pay. They sought damages for back pay and attorney fees as provided by statute.
 {¶ 3} Appellants moved for partial summary judgment as to liability, premising their motion on the policies and practices of J J Enterprises as pertaining to the alleged unlawful deductions and their entitlement to overtime pay. The trial court granted the motion, in part, "pursuant to the principals (sic) set forth in Moore v. Hannon FoodService, Inc. (2003), 317 F.3d 489."
 {¶ 4} J J Enterprises thereafter filed a motion seeking to dismiss appellants' remaining claims for damages and attorney fees. Attached to the motion were the affidavits of Jock Moell and Mary Herzberg, in which they averred that J J Enterprises corrected its policy regarding cash shortages and proffered payment to appellants for the deductions taken under the "window of correction" defense authorized by Moore v. Hannon Food Service, Inc., supra. J J Enterprises contemporaneously filed a document captioned "Notice of Proffer of Settlement and Payment," attaching to it the Mary Herzberg affidavit and documentation regarding the shortages/payments specific to each appellant. Appellants opposed the motion arguing, inter alia, that J J Enterprises was not entitled to avail itself of the "window of corrections" defense.
 {¶ 5} Shortly thereafter, the trial court issued the following order:
 {¶ 6} "On 05/15/2003[,] the court granted [appellants'] motion for partial summary judgment based on the principles set forth in Moore v.Hannon Food Service, Inc. (2003), 317 F.3d 489. In the Moore case[,] the court held that the defendant corrected the violations of the Fair Labor Standards Act by tendering [appellants] the amount of all improper deductions before trial. The court went on to say that reimbursements could be made at any time to preserve the window of correction. In the instant case[,] [J J Enterprises] filed a notice of proffer of settlement and payment on 05/20/2003 and tendered payment to the [appellants]. Thus, according to Moore, this disposes of all of the remaining issues. Final."
 {¶ 7} Appellants are now before this court and assign three errors for our review. Contrary to the trial court's assertions, however, the court's order is not final and immediately appealable because the issue of attorney fees remains outstanding.[1]
 {¶ 8} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See, generally,Stevens v. Ackman (2001), 91 Ohio St.3d 182.
 {¶ 9} Moreover, because this appeal involves not only multiple parties but multiple claims, the requirements of Civ.R. 54(B) must also be met. See Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596. This rule provides, in relevant part:
 {¶ 10} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *."
 {¶ 11} In this case, appellants filed a three-count complaint against J J Enterprises seeking damages and attorney fees for violations of the Ohio Minimum Wage Standards Law and FLSA. The trial court granted appellants' motion for partial summary judgment as to liability, thereby acceding J J Enterprises' liability under these statutes. Without expressing an opinion as to the propriety of the court's reliance on Moore in disposing of appellants' claim for damages, Moore is not dispositive of appellants' claims for attorney fees. Both statutes under which appellants seek redress provide for an award of reasonable attorney fees in the event of liability. See R.C. 4111.10; see, also, Section 216(b), Title 29, U.S. Code ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").
 {¶ 12} Because appellants' claim for attorney fees remains outstanding, the requirements of Civ.R. 54(B) have not been satisfied and we are without jurisdiction to review the merits of this case.
Appeal dismissed.
Michael J. Corrigan, P.J., and Anthony O. Calabrese, Jr., J., Concur.
[1] We note also that the trial court failed to enter an amount attributable to an award for damages, which was purportedly paid to appellants under the "window of correction" principle. Ordinarily, an order determining liability in a plaintiff's favor and leaving the amount of damages unresolved until some future time is not a final appealable order. See State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 546. A judgment that incompletely determines damages, however, is final and immediately appealable where the computation of damages is mechanical or purely ministerial and unlikely to produce a second appeal. Id. Assuming without deciding that the window of correction principle is applicable and is the proper measure of damages in this case, the computation of damages would be purely mechanical in that the monies deducted are capable of ascertainment and are not in dispute.