JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Firth Road Realty, Ltd., appeals from the trial court's judgment granting the motion for summary judgment of plaintiff-appellee, First Energy Solutions Corp. We dismiss for lack of a final appealable order.
 {¶ 2} First Energy filed suit against Firth Road alleging money due and owing on Firth Road's account for electrical service with First Energy. In its complaint, First Energy sought judgment "in the amount of $6,030.17, together with pre-judgment and postjudgment interest at the statutory rate from April 4, 2003 * * *."
 {¶ 3} The trial court subsequently granted First Energy's motion for summary judgment. In its judgment entry, the trial court ruled that "First Energy Solutions Corp. is entitled to judgment as a matter of law. Defendant owes Plaintiff the *Page 2 
remaining balance of $6,030.17." The trial court's judgment entry did not address First Energy's demand for prejudgment interest.
 {¶ 4} Under R.C. 2505.02(B), "an order is a final order that may be reviewed, affirmed, modified, or reversed, when" it is "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 5} Generally, orders that determine liability but defer the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment. State ex rel.White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 546.
 {¶ 6} Although "prejudgment interest is neither damages nor an easily computed cost," it is "more in the nature of damages." Miller v. FirstInternatl. Fidelity Trust Bldg. Ltd., 113 Ohio St.3d 474,2007-Ohio-2457, at ¶ 7. Accordingly, a judgment entry is not a final, appealable order when a demand for prejudgment interest is still pending. Miller, supra at ¶ 11.
 {¶ 7} Here, the trial court's judgment entry granting summary judgment to First Energy did not address First Energy's demand for prejudgment interest. Accordingly, the judgment is not final and, therefore, we dismiss for lack of a final, appealable order. Dismissed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 3 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1