[Cite as *Sobin v. Lim*, 2012-Ohio-4060.]

[Vacated opinion. Please see 2012-Ohio-5544.]

# Court of Appeals of Ohio

*EIGHTH APPELLATE DISTRICT*
*COUNTY OF CUYAHOGA*

JOURNAL ENTRY AND OPINION
**No. 97952**

## ROBERT SOBIN

PLAINTIFF-APPELLEE

vs.

## CHUN BIN LIM, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**DISMISSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-727635

**BEFORE:**  Stewart, P.J., Boyle, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    September 6, 2012

**ATTORNEYS FOR APPELLANTS**

H. Alan Rothenbuecher
Jay E. Krasovec
Ice Miller, LLP
Fifth Third Center
600 Superior Avenue, East
Suite 1701
Cleveland, OH    44115


**ATTORNEY FOR APPELLEE**

Alan J. Rapoport
55 Public Square
Suite 1717
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellee Robert Sobin, a former employee of defendant-appellant Trionix Research Laboratory and its majority shareholder, defendant-appellant Chun Bin Lim, filed this declaratory judgment seeking a declaration of whether he was a shareholder of Trionix and, if so, the value of his shares. The court conducted a trial on the issue and held that Sobin is a Trionix shareholder, but deferred valuing those shares until a later hearing. Lim and Trionix appealed before the court could determine the value of the shares. We have repeatedly held that a judgment on liability without a concomitant judgment on damages is not a final order, so we are compelled to dismiss this appeal.

{¶2} Sobin's complaint alleged that, while a former Trionix employee, he purchased shares of stock in the corporation in 1987 and 1988. He sought a declaration of his current ownership rights and a valuation of those shares. Trionix and Lim counterclaimed, alleging that Sobin sold his shares back to the corporation in 1991 and 1992. They also argued that Sobin should be estopped from asserting ownership rights because he had ceased exercising any rights as a shareholder after 1992.

{¶3} The court held that the payments Sobin received in 1991 and 1992 were documented by Trionix as "back-pay" and "loan reimbursement," respectively. Sobin treated these payments as income for federal tax purposes rather than as capital gains,

thus demonstrating that there was no meeting of the minds on whether these payments were for the repurchase of Trionix stock. The court also noted that Lim received similar payments at the time, and that he likewise treated these payments as income on his federal tax returns. Finally, the court found it convincing that neither party appeared to treat the 1991 and 1992 payments as a stock sale because Sobin did not surrender his stock nor did Trionix demand that he surrender the certificates. The court thus ruled in Sobin's favor on his complaint and denied the counterclaims asserted by Trionix and Lim. The court held that "[a] hearing is set for February 27, 2012 at 9:30 AM to address the value of Plaintiff's 655 shares of Trionix." Trionix and Lim appealed on February 14, 2012, before the court could conduct the valuation hearing. The court subsequently entered an order nunc pro tunc to state "there is no just cause for delay."

{¶4} Our appellate jurisdiction is limited to reviewing orders that are both final and appealable. An order is "final" if it meets the criteria set forth in R.C. 2505.02. An order is "appealable" if it satisfies Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. If an order is not both final and appealable, we have no jurisdiction to hear an appeal. *See* Section 3(B)(2), Article IV, Ohio Constitution; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶5} "As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." *Noble v. Colwell*, 44

Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989) (footnote omitted). This is because orders determining liability and deferring the issue of damages do not determine the action or prevent a judgment. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997), citing *State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 53, 671 N.E.2d 13 (1996).

{¶6} The court declared Sobin's shareholder rights but deferred any ruling on the value of those shares. Under *Noble*, the order declaring liability was not final at the time Trionix and Lim filed their notice of appeal.

{¶7} It is of no consequence that the court certified that there was no just reason for delay pursuant to Civ.R. 54(B). "'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.'" *Gen. Acc. Ins.,* 44 Ohio St.3d at 21, quoting *Douhitt v. Garrison*, 3 Ohio App.3d 254, 255, 444 N.E.2d 1068 (9th Dist.1981). The only exception to this rule is "where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). Thus, "if 'only a ministerial task similar to executing a judgment or assessing costs remains' and there is a low possibility of disputes concerning the parties' claims, the order can be appealed without waiting for performance of that ministerial task." *CitiMortgage v. Arnold*, 9th Dist. No. 25186, 2011-Ohio-1350, at ¶ 7, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d at 546.

**{¶8}** By setting the share valuation issue for an evidentiary hearing, it appears that the court's task of valuing Sobin's shares will be more than a mere ministerial task. We therefore find that we lack jurisdiction to hear this appeal.

**{¶9}** Dismissed.

It is ordered that appellee recover of appellants his costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
MARY EILEEN KILBANE, J., CONCUR