[Cite as *Goodman v. Schneider*, 2012-Ohio-5411.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96883**

## DAVID GOODMAN,[1] DIRECTOR, OHIO DEPARTMENT OF COMMERCE

PLAINTIFF-APPELLEE

vs.

## JOANNE C. SCHNEIDER, ET AL.

DEFENDANT-APPELLANT

## [APPEAL BY CITY OF PARMA HEIGHTS]

**JUDGMENT:**
**DISMISSED**

Civil Appeal from the

---

[1] The original caption of this case was *Doug White, Director, Ohio Department of Commerce v. Joanne C. Schneider, et al.* In accordance with App.R.29(C), the Court substitutes David Goodman, the present Director of the Ohio Department of Commerce, for Doug White.

Cuyahoga County Court of Common Pleas
Case Nos. CV-548887, CV-555252, CV-555408, CV-555412,
CV-558095, CV-559117, CV-559879, CV-560633, CV-564814, CV-569073,
CV-571494, CV-572965 and CV-592402

**BEFORE:**     Sweeney, J., Stewart, P.J., and Rocco, J.
**RELEASED AND JOURNALIZED:**   November 21, 2012

**ATTORNEYS FOR APPELLANTS**

Charles T. Riehl
Darrell A. Clay
R. Todd Hunt
Aimee W. Lane
Walter & Haverfield
The Tower at Erieview, Suite 3500
1301 East Ninth Street
Cleveland, Ohio 44114

Michael D. Pokorny
Assistant Director of Law
City of Parma Heights
6281 Pearl Road
Parma Heights, Ohio 44130

**ATTORNEYS FOR APPELLEE**

Jonathon M. Yarger
Yarger, Radel & Pentz
1111 Superior Avenue, Suite 530
Cleveland, Ohio 44114

Tim L. Collins
Brendan R. Doyle
Harvey Labovitz
Thomas J. Scanlon
Julie A. Perkins
Collins & Scanlon, L.L.P.
3300 Terminal Tower
50 Public Square

Cleveland, Ohio 44113


Matthew D. Wartko
Hahn, Loeser & Parks, L.L.P.
200 Public Square, Suite 2800
Cleveland, Ohio 44114

James D. Ludwig
David Honig
Daniel Wireman
Cleveland Construction, Inc.
5390 Courseview Drive
Mason, Ohio 45040

Jean Kerr Korman
Barry J. Miller
Benesch, Friedlander, Coplan & Arnoff
2300 BP Tower
200 Public Square
Cleveland, Ohio 44114-2378

Matthew L. Fornshell, Receiver
250 West Street
Columbus, Ohio 43215

Michael J. Warrell
30285 Bruce Industrial Parkway
Suite C, Second Floor
Solon, Ohio 44139

Timothy J. Duff
Gary F. Werner
Berns, Ockner & Greenberger
3733 Park East Drive
Suite 200
Beachwood, Ohio 44122


Audra J. Zarlenga
Thompson Hine, L.L.P.
3900 Key Center

127 Public Square
Cleveland, Ohio 44114

Richard T. Craven
MacAllister A. West
Michael J. Sikora, III
Sikora Law, L.L.C.
8532 Mentor Avenue
Mentor, Ohio 44060

Jeremy R. Teaberry, Esq.
Joseph A. Pope
Richard J. Thomas
Jerry M. Bryan
Henderson, Covington, Messenger,
Newman & Thomas Co., L.P.A.
6 Federal Plaza Central, #1300
Youngstown, Ohio 44503

James W. Moennich
Wickens, Herzer, Panza, Cook & Batista
35765 Chester Road
Avon, Ohio 44011

Joseph N. Isabella
921 Literary Road
Cleveland, Ohio 44113

Alan P. Digirolamo
David J. Lindner
Buckingham, Doolittle & Burroughs
1375 East Ninth Street
Suite 1700
Cleveland, Ohio 44114

John J. Hurley
Nelson Sweet & Hurley
8 North State Street
Suite 201
Painesville, Ohio 44077

Timothy J. McGinty

Cuyahoga County Prosecutor
By:   Colleen Majeski
Assistant County Prosecutor
Justice Center, Ninth Floor
1200 Ontario Street
Cleveland, Ohio 44113

Joanne C. Schneider
P.O. Box 30279
Middleburg Heights, Ohio 44130-0279

Michael L. Fortney
Fortney & Klingshirn
4040 Embassy Parkway, Suite 280
Akron, Ohio 44333

Jerome W. Cook
McDonald Hopkins, L.L.C.
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114

Clint R. Zollinger, Esq.
Day Ketterer
200 Market Avenue, North
Suite 300
P.O. Box 24213
Canton, Ohio 44701

Jude J. Nohra
275 Federal Plaza West
P.O. Box 1111
Youngstown, Ohio   44503

JAMES J. SWEENEY, J.:

{¶1}   Intervenor-appellant the city of Parma Heights ("the City") appeals the court's denial of its summary judgment motion, which concluded that the City's lien by

special assessment did not have priority over other mortgages and lienholders concerning the development of commercial property that was used in a Ponzi scheme in late 2004. After reviewing the facts of the case and pertinent law, we dismiss for lack of a final appealable order.

{¶2} In 2003, Joanne and Alan Schneider were involved in the development of the Cornerstone Properties ("Cornerstone") in the City. On July 10, 2003, Home Savings and Loan Company of Youngstown ("HSL") recorded various mortgages on Cornerstone. On May 24, 2004, the City passed a resolution to proceed with construction of Cornerstone. This resolution contemplated that the cost of the improvements shall be levied and collected by a "special assessment." The City's "work on the public improvements on the Cornerstone Properties was commenced in 2004 and completed on or about 2005 to 2006."

{¶3} At the end of 2004, the Schneiders' investment scheme fell apart, and on December 4, 2004, various contractors obtained judgments against the Schneiders and/or their companies and filed accompanying mechanic's liens.[2] In February 2005, this action was filed against the Schneiders and a receiver was appointed over Cornerstone.

---

[2]For detailed analyses of the associated litigation, *see Cleveland Constr., Inc. v. Schneider*, 8th Dist. Nos. 97352, 96911, 97361 and 97513; *Fornshell v. Roetzel & Andress, L.P.A.*, 8th Dist. Nos. 92132 and 92161, 2009-Ohio-2728; and *Cleveland Constr., Inc. v. Roetzel & Andress, L.P.A.*, 8th Dist. No. 94973, 2011-Ohio-1237.

{¶4} On May 22, 2006, the City passed an ordinance and levied a special assessment regarding the aforementioned improvements at Cornerstone. On October 16, 2006, the City certified the special assessment to the county for collection.

{¶5} On February 13, 2007, the receiver transfered title of Cornerstone to Parma Heights Land Development LLC ("PHLD") pursuant to a previous sale. The court order approving the sale states in part that "[t]he sale of the Properties to the Buyer shall be free and clear of any lien, claim or encumbrance * * * including * * * assessments * * *."

{¶6} The City was not a party to the Cornerstone litigation to determine lien priority and first intervened in this case on December 4, 2007. The entities claiming "secured creditor status" in connection with Cornerstone are: the City as the special assessment lienholder; HSL as the mortgage holder; various mechanic's lienholders; and PHLD as the subsequent purchaser of the properties.[3]

{¶7} By spring 2009, all parties, including the City, had filed summary judgment motions limited to the issue of lienholder priority. On May 16, 2011, the court issued an opinion and journal entry regarding the summary judgment motions. The bulk of this opinion discusses HSL's mortgages and the mechanic's liens, which are not at issues in the instant case. The court's analysis of the City's "claim of priority based on its October 16, 2006 special assessment" states in pertinent part as follows:

---

[3] In addition to the parties claiming "secured creditor status," the court ordered a "ten per cent secured creditor allocation * * * to the court appointed receiver."

For a variety of reasons, the City of Parma Heights is not entitled to assert a claim of priority as against [HSL] or Lienholders. Putting aside for the moment the question whether the City's effort to impose its assessment is void as a matter of law, the City cannot unilaterally achieve retroactive superpriority over other liens previously recognized in law.

{¶8} The court denied the City's summary judgment motion, and it is from this order that the City appeals,[4] raising one assignment of error for our review.

I.

The trial court erred by concluding that Parma Heights' lien arising from a duly-enacted and properly certified special assessment for improvements that benefitted the real property in question was not entitled to priority over liens arising from an alleged construction mortgage lender and from other mechanics and materialmen.

{¶9} We first address whether the court's order <u>denying</u> the City's summary judgment motion is a final appealable order. In *TCIF REO GCM, LLC v. Natl. City Bank*, 8th Dist. No. 92447, 2009-Ohio-4040, this court held that an order determining the priority of liens and contemplating further foreclosure proceedings was final and appealable. This court based its holding on the Ohio Supreme Court's decision in *Queen City S. & L. Co. v. Foley*, 170 Ohio St. 383, 165 N.E.2d 633 (1960) at syllabus, which states that, "[i]n a mortgage foreclosure action, a journalized order determining that the

---

[4]Subsequent to the trial court's May 16, 2011 journal entry, this court has twice remanded the companion case, *Cleveland Constr., Inc. v. Schneider,* 8th Dist. Nos. 97352, 96911, 97361 and 97513, to the trial court concerning HSL related issues. Consequently, the trial court issued multiple journal entries during the pendancy of this appeal; however, we base our review in the instant case on the order from which the City appealed.

mortgage constitutes the first and best lien upon the subject real estate is a judgment or final order from which an appeal may be perfected."

{¶10}   The case at hand, however, is distinguishable in that lien validity in *TCIF* and *Queen City* was not at issue.   In *TCIF* and *Queen City*, the court determined priority between two parties and contemplated further proceedings, which included foreclosure and sale of the property.

{¶11} In the instant case, the court bifurcated lien priority and lien validity, choosing to initially tackle the priority issue in the abstract.   The court made a preliminary determination of priority as to most, but not all, of the multiple parties and contemplated further proceedings, which included lien validity.   The court opined that the receiver shall have priority over all other parties, HSL shall have priority over the mechanic's lienholders, and the City shall have no priority.   The court did not reach a conclusion regarding the priority of PHLD's claims, finding "questions of law and fact remaining." [5]

{¶12}   However, all issues of priority were conditional upon lien validity, which the court expressly put "aside for the moment."   Specifically, in its analysis of the City's summary judgment motion, the court stated in a footnote that "the city's assessment is fraught with legal questions.   Firstly, it appears to violate the most fundamental principles relating to the manner in which special assessments may be levied."

---

[5] This issue is also on appeal in *Doug White, Dir., Ohio Dept. of Commerce v. Joanne C. Schneider*,            8th            Dist.            No.            96922.

**{¶13}** Accordingly, until the court determines whether the City has a valid lien, the order determining priority remains interlocutory. *See Bank of Am. NA v. Omega Design/Build Group*, *LLC*, 1st Dist. No. C-100018, 2011-Ohio-1650, ¶ 4 (Cunningham, J., dissenting) ("*Queen City* does not apply because any determination of priority in this case cannot occur until the court rules on the validity of the mechanic's liens. Until [then] * * * no relief has been afforded to any party").

**{¶14}** Having distinguished the case at hand from *TCIF*, we turn to whether the May 16, 2011 journal entry is a final appealable order under R.C. 2505.02, which states in pertinent part as follows: "An order is a final order that may be reviewed, affirmed, modified, or reversed * * * when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." R.C. 2505.02(B)(1). Assuming, without deciding, that the City's lien by special assessment is a "substantial right," the court's order bifurcating validity and priority does not "determine" the action nor "prevent" a judgment; rather, it envisions further litigation. As such, it is not a final appealable order.

**{¶15}** Furthermore, courts do not favor piecemeal litigation. As a general rule, "[a]n order denying a motion for summary judgment is not a final appealable order." *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 23, 222 N.E.2d 299 (1966). "Generally, orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do

not determine the action or prevent a judgment." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). *See also* Civ.R. 54(B).

{¶16} Because there is no final appealable order in the instant case, we are without jurisdiction to review the court's journal entry or the City's arguments.

{¶17} Appeal dismissed.

It is ordered that appellee recover of appellants its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR