OPINION
{¶ 1} Plaintiffs-appellants, Chester and Dickie Corbitt, appeal from the Franklin County Court of Common Pleas' denial of their motion for declaratory judgment. Because this judgment is not a final appealable order, we dismiss and remand.
 {¶ 2} On May 13, 2000, Chester Corbitt ("Corbitt") was injured when his vehicle allegedly struck a disabled vehicle left in the middle of the road. On March 21, 2002, appellants filed a complaint that included a negligence claim against the owner and the driver of the disabled vehicle, and a breach of contract claim against Corbitt's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). In that complaint, appellants alleged that Corbitt's damages from the accident exceeded the amount of the tortfeasors' liability coverage, and that Corbitt was entitled to uninsured/underinsured motorist coverage pursuant to the insurance policy he purchased from State Farm. Appellants also alleged that State Farm breached the policy because it refused to pay him "a fair sum" in uninsured/underinsured motorist damages.
 {¶ 3} On April 28, 2003, appellants filed a motion for declaratory judgment, seeking a judgment from the trial court that Corbitt was entitled to twice the State Farm policy's $100,000 per person coverage limit for uninsured/underinsured motorist coverage because two separately negligent motorists caused the accident in which he was injured. On June 16, 2003, the trial court denied this motion, stating "[p]laintiff's uninsured/underinsured motorist claim is subject to a single $100,000 per person limit, without regard to the number of tortfeasors or vehicles involved."
 {¶ 4} Appellants then moved the trial court to declare its June 16, 2003 decision a final appealable order pursuant to R.C.2505.02(B)(2). On August 27, 2003, the trial court issued an entry stating that its June 16, 2003 order was "a final Appealable Order and there [was] no just cause for delay." Appellants then appealed from the order to this court.
 {¶ 5} Although neither party has raised the issue, this court must initially determine whether we have subject-matter jurisdiction to consider the merits of this appeal. State exrel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544. R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments and decrees. Id. R.C. 2505.02(B) specifies what kinds of orders, judgments and decrees are final appealable orders.
 {¶ 6} Here, the only arguable support for concluding that the June 16, 2003 order is a final appealable order is R.C.2505.02(B)(2), which provides that "[a]n order that affects a substantial right made in a special proceeding" is a final order. Before the trial court, appellants argued that the present action is a "special proceeding" because they moved for a declaratory judgment, and the Ohio Supreme Court has previously recognized a declaratory judgment action as a "special proceeding." GeneralAcc. Ins. Co. v. Ins. Co. of North Am. (1989), 44 Ohio St.3d 17,22. Further, appellants may have a "substantial right" in the enforcement of the State Farm policy terms. See Marsh v. StateAuto. Mut. Ins. Co. (1997), 123 Ohio App.3d 356, 358.
 {¶ 7} However, even if we were to assume that the present action is a "special proceeding" and that a "substantial right" exists, the June 16, 2003 order is not a final appealable order because it does not affect a substantial right. An order that affects a substantial right is "one which, if not immediately appealable, would foreclose appropriate relief in the future."Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, modified on other grounds, Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, paragraph four of the syllabus. Here, appellants' breach of contract claim is not completely adjudicated because the trial court has yet to determine the amount of Corbitt's damages or to order State Farm to pay the appropriate amount of uninsured/underinsured motorist benefits based upon those damages. As a delay of our review of the June 16, 2003 order until after appellants' breach of contract claim is completely adjudicated will not foreclose a full review of the obligations arising under the State Farm policy, the June 16, 2003 order does not affect a substantial right. See Burt v.Harris, Franklin App. No. 03AP-194, 2004-Ohio-756, ¶ 12. Accordingly, we conclude that the June 16, 2003 order is not a final appealable order.
 {¶ 8} For the foregoing reasons, this appeal is dismissed and the case is remanded to the trial court for further proceedings in accordance with law.
Appeal dismissed and case remanded.
Lazarus, P.J., and Petree, J., concur.