[Cite as *Wray v. Ice House Ventures, L.L.C.*, 2020-Ohio-6935.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jerry Wray, Director of the Ohio Department of Transportation, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-459 |
| v. | : | (C.P.C. No. 16CV-7726) |
| Ice House Ventures, LLC et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 29, 2020

**On brief:** *Dave Yost*, Attorney General*, William J. Cole,* and *L. Martin Cordero,* for appellant. **Argued:** *William J. Cole.*

**On brief:** *Vorys, Sater, Seymour and Pease LLP*, *Joseph R. Miller, John M. Kuhl,* and *Daniel E. Shuey*, for appellee. **Argued:** *Joseph R. Miller.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, the Ohio Department of Transportation ("ODOT"), appeals from the judgment of the Franklin County Court of Common Pleas granting the motion of defendants-appellees Ice House Ventures, LLC, Lion Management Services, LLC, and Smokestack Ventures, LLC (collectively, "IHV") to enforce agreed judgment entry on settlement and finding ODOT liable for damages, attorney fees, and costs. Because we find the judgment is not a final and appealable order, we dismiss.

## I.  Facts and Procedural History

{¶ 2}   The facts of this case are neither complicated nor in dispute.  ODOT is reconfiguring and improving Interstates 70 and 71 through downtown Columbus, Ohio. (*See generally* August 17, 2016 Petition to Appropriate Property and to Fix Compensation ("Petition").)  As part of the project, ODOT needed to appropriate a portion of IHV's real property located in the area known as the Brewery District ("the Property"). (*Id.*, Ex.1.) Thus, on August 17, 2016, ODOT filed an appropriation action in the Franklin County Court of Common Pleas and deposited $343,280 with the Clerk of Courts.  (*See id.*)

{¶ 3}   Subsequently, each of the parties obtained its own appraisal reflecting the compensation due IHV as a result of ODOT's appropriation.  ODOT's appraiser, Brian Barnes, opined the total compensation due IHV was $370,000, including $168,064 for land taken and $201,936 in damages to the residue.  (Barnes appraisal.) IHV's appraiser, Debi Wilcox, opined the total compensation due IHV was $2,509,777, consisting of $149,190 for land taken and $2,200,810 in damages to the residue.  (Wilcox appraisal.) Both appraisers considered the loss of parking spaces to be a significant component of the respective determinations of damages to the Property's residue.

{¶ 4}   Ultimately, the parties reached a settlement prior to trial.  The terms of the settlement were memorialized via an Agreed Judgment Entry and Transfer of Property and Order for Distribution.  (Oct. 11, 2018 Agreed Jgmt. Entry, hereinafter "Agreed Entry.") The Agreed Entry provided that IHV would receive $900,000 from ODOT "as partial consideration for the appropriation of IHV's property." (Agreed Entry at 1.)  The Agreed Entry further provided that "as additional material consideration for the appropriation of property from IHV, ODOT shall provide IHV with marketable fee simple title to the real property" delineated as the "Parking Mitigation Property."  (*Id.* at 1-2.)  The Parking Mitigation Property was described "as a parking lot sufficient to hold twelve (12) parking spaces" as depicted in an attachment incorporated within the Agreed Entry.  (*Id.* at 2.)  The Agreed Entry stipulated that, amongst other obligations, if ODOT failed to convey marketable fee simple title to the Parking Mitigation Property within one year of the date of the Agreed Entry, "then the Court shall retain jurisdiction to determine the damages due to IHV for the failure of ODOT to deliver this portion of the consideration for ODOT's appropriation of IHV's property."  (*Id.* at 5-6.)

{¶ 5} At some point in early 2019, ODOT advised the trial court that it would be unable to convey marketable fee simple title to the Parking Mitigation Property to IHV because the current holder of the title to the property—the City of Columbus (the "City")—was unwilling to convey the parcel to ODOT. (June 18, 2019 Order and Entry Granting Defendant's Motion to Enforce Agreed Jgmt. Entry on Settlement, hereinafter "Order and Entry," at 2.) It is apparent from the record that although ODOT believed that the City would be willing to convey the Parking Mitigation Property to ODOT for subsequent conveyance of the property to IHV, ODOT entered into the Agreed Judgment Entry without firm assurance from, or an agreement with, the City that this was actually the case. (*See* June 3-4, 2019 Tr. at 8-9; 349-350.) On April 29, 2019, IHV filed a Motion to Enforce Agreed Judgment Entry (hereinafter "Motion to Enforce"). After full briefing by the parties, the trial court held a hearing on the Motion to Enforce commencing on June 3, 2019.

{¶ 6} On June 18, 2019, the trial court issued its Order and Entry which granted IHV's Motion to Enforce. The trial court specifically determined that ODOT breached the parties' settlement as memorialized in the Agreed Entry; that IHV was entitled to $900,000 as damages for ODOT's failure to convey title to the Parking Mitigation Property; and that IHV was entitled to attorney fees and costs ensuing from ODOT's breach, in an amount to be determined at a later hearing.

{¶ 7} This appeal followed.

## II. Assignments of Error

{¶ 8} Appellant assigns the following three errors for our review:

> [I.] The trial court erred in enforcing settlement because there was no meeting of the minds on the kind of "damages" to be determined if ODOT failed to convey the parking mitigation property.
>
> [II.] The trial court lacked subject-matter jurisdiction to determine liability and award damages on Ice House Venture's claim against ODOT.
>
> [III.] The trial court erred as a matter of law in finding ODOT breached the settlement entry.

## III. Law and Analysis

{¶ 9} All of ODOT's three assignments of error relate to the trial court's June 18, 2019 Order and Entry. Before we can reach the merits of the assignments of error, we must

address whether ODOT has appealed from a final appealable order. Although the parties have not raised the issue of whether the June 18, 2019 Order and Entry is a final appealable order, it is well-settled that an appellate court may raise jurisdictional questions sua sponte and must dismiss an appeal that is not taken from a final appealable order. *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 10} This court's jurisdiction on appeal is limited to a review of final orders of trial courts pursuant to the Ohio Constitution, Article IV, Section 3(B)(2). " ' "[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. The Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971).

{¶ 11} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle,* 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88 (1989).

{¶ 12} R.C. 2505.02 defines a final order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 13} Civ.R. 54(B) provides as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 14} Pursuant to the foregoing authorities, when the court enters judgment on some but not all claims in a case, in the absence of express Civ.R. 54(B) language, i.e., "that there is no just reason for delay," an appellate court may not review such an order disposing of fewer than all claims. (Internal citations omitted.) *Moore v. Gross,* 10th Dist. No. 09AP-1077, 2010-Ohio-3328, ¶ 12.  Here, when IHV filed its motion to enforce agreed judgment entry on settlement, it specifically requested attorney fees incurred as a direct result of ODOT's alleged breach.  The trial court determined in its June 18, 2019 Order and Entry that IHV is entitled to attorney fees and court costs, but it did not determine the amount to be awarded.  Instead, the court clearly stated those fees and costs were imposed "in an amount to be determined," and that the "matter shall come before the Court on Ice House's Motion for Attorney's Fees and Costs, at a time and date to be determined, at a time convenient to Counsel and the Court."  (Order and Entry at 16.)  The trial court's June 18, 2019 Order and Entry does not include Civ.R. 54(B) language.

{¶ 15} Because the trial court disposed of fewer than all of the claims for relief by reserving the issue of the amount of attorney fees and court costs for a later hearing and did not include Civ.R. 54(B) language, no part of the June 18, 2019 Order and Entry is final. *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 8, citing *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 6; *Green v. Germain Ford of Columbus, LLC*, 10th Dist. No. 08AP-920, 2009-Ohio-5020, ¶ 24-26 (holding the trial court's judgment was not final and appealable because the issue of attorney fees was unresolved and the judgment entry contained no Civ.R. 54(B) language); *Wright v. Wright*, 10th Dist. No. 07AP-595, 2008-Ohio-544, ¶ 8 (stating that "[a] judgment deferring final adjudication of a request for attorney fees is not a final appealable order," noting that the judgment entry there did not contain Civ.R. 54(B) language). *Compare*, *Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. No. 07CA34, 2008-Ohio-1365, ¶ 10-12 (finding that for purposes of analyzing whether a final order exists in a given case, "a general request for attorney fees included in a prayer for relief should not be elevated to the status of a separate claim for relief," but acknowledging that where a trial court specifically awards attorney fees but defers the determination of the amount, appellate courts have historically dismissed the appeal for lack of a final appealable order). Accordingly, we must dismiss the appeal from the June 18, 2019 Order and Entry for lack of a final appealable order.

## IV. Disposition

{¶ 16} Based on the foregoing, we find that the order appealed from is not a final and appealable order. Accordingly, the appeal is hereby dismissed.

*Appeal dismissed.*

KLATT and NELSON, JJ., concur.

_____