[Cite as *Estate of Brown v. McCall*, 2023-Ohio-780.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Estate of Charles Wesley Brown, III et al., | : | |
| Plaintiffs-Appellants, | : | No. 22AP-458 |
| v. | : | (C.P.C. No. 21CV-6572) |
| Charles McCall et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 14, 2023

**On brief:** *Joy L. Marshall*, for appellants.

**On brief:** *Bentley Law Firm*, *LLC*, and *Richard F. Bentley*, for appellee Phillips Funeral Home, Inc.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiffs-appellants, Estate of Charles Wesley Brown, III (individually "the estate"), and Verjeanna Brown (individually "appellant Brown"), appeal from an order of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Phillips Funeral Home ("Phillips Funeral Home"), on its counterclaim for breach of contract.

**I. Facts and Procedural History**

{¶ 2} On October 15, 2021, appellants filed a complaint, naming as defendants Charles McCall (individually "McCall"), Bankers Life and Casualty Co. (individually "Bankers Life"), Charli Stevens, Phillips Funeral Home, Community Hospice, Investors

Heritage, Telhio Credit Union, Huntington National Bank (individually "Huntington National") and the State of Ohio Bureau of Motor Vehicles ("Ohio BMV").

{¶ 3} According to the complaint, appellant Brown is the wife and representative of the deceased, Charles W. Brown, III ("decedent"), and McCall is the son of decedent. The complaint alleged that, on August 3, 2021, decedent was terminally ill and in the care of a hospice nurse at his home and McCall removed decedent from the home and caused him to sign a power of attorney making McCall his agent in fact. It was further alleged that McCall subsequently used the power of attorney to withdraw money from bank accounts, and to make himself the beneficiary of decedent's life insurance policies. On August 8, 2021, decedent died at the home of McCall.

{¶ 4} The complaint asserted causes of action for conversion and fraudulent conversion against McCall, as well as causes of action for negligence against the various other named defendants. With respect to appellants' claim against Phillips Funeral Home, the complaint alleged that Phillips Funeral Home "had to be employed for funeral services by the next of kin of the decedent," and that it "abused the corpse of the decedent by embalming the decedent without consent of the next of kin." (Compl. at ¶ 91, 96.)

{¶ 5} On November 12, 2021, Phillips Funeral Home filed an answer to the complaint, a cross-claim against McCall (for indemnification, common law indemnity and contribution), and a counterclaim against appellant Brown for breach of contract. The counterclaim alleged that appellant Brown had "executed a Statement of Funeral Goods and Services Selected with [Phillips Funeral Home]," in which she "promised to pay for the goods and services." (Phillips Funeral Home Counterclaim at ¶ 2.) It was further alleged that, as a result of appellant Brown's breach, "she is liable to [Phillips Funeral Home] for the remaining amount due of $12,007.22 and reasonable attorney fees and court costs." (Counterclaim at ¶ 4.)

{¶ 6} On November 19, 2021, Bankers Life filed an answer and a counterclaim against appellants and McCall. Bankers Life alleged it was holding disputed proceeds with respect to two life insurance policies, and that it could not determine who (i.e., appellant Brown or McCall) was rightfully entitled to such proceeds without a determination by the trial court.

{¶ 7}   On December 7, 2021, appellants filed a notice of dismissal as to Ohio BMV, Telhio Credit Union, and Investors Heritage. The trial court subsequently granted a motion to dismiss filed by Community Hospice for failure of appellants to file an affidavit of merit pursuant to Civ.R. 10(D)(2).

{¶ 8}   On December 7, 2021, McCall filed an answer and counterclaim against appellant Brown seeking indemnification to the extent he is found liable to the estate or Phillips Funeral Home. On March 7, 2022, Phillips Funeral Home filed a motion to deem admitted requests for admissions propounded to appellant Brown. On March 9, 2022, Phillips Funeral Home filed a renewed motion to deem admitted its requests for admissions. On April 17, 2022, the trial court granted the (renewed) motion of Phillips Funeral Home and entered an order deeming the propounded requests admitted by appellant Brown.

{¶ 9}   On May 9, 2022, Phillips Funeral Home filed a motion for summary judgment against appellants. In its memorandum in support, Phillips Funeral Home argued it was "hired to provide embalming and funeral services" for decedent as described in an attached "Statement for Funeral Goods and Services signed by [appellant Brown]." (Mot. for Summ. Jgmt. at 2.) According to Phillips Funeral Home, appellant Brown authorized the embalming services, and the funeral services she selected required the body of decedent be embalmed. Phillips Funeral Home further asserted the trial court's grant of its motion to deem matters admitted included admissions that the document attached (as exhibit A) was an authentic copy of the statement for services.

{¶ 10} On June 9, 2022, McCall filed a motion for summary judgment against appellants. McCall also filed, on June 9, 2022, a motion for default judgment on his counterclaim against appellant Brown seeking indemnification for any damages to which Phillips Funeral Home would be entitled for funeral/embalming services. On June 10, 2022, Bankers Life and Huntington Bank filed separate motions for summary judgment against appellants.

{¶ 11} On June 13, 2022, Phillips Funeral Home filed a reply in support of its motion for summary judgment. In its accompanying memorandum in support, Phillips Funeral Home argued it was entitled to judgment on its counterclaim and that "[t]he specific damage amount will be established by a separate filing because the interest will be

calculated as of the date of the judgment." (Reply in Support of Mot. for Summ. Jgmt. at 2.)

{¶ 12} On June 16, 2022, appellants filed a notice of dismissal of their complaint pursuant to Civ.R. 41(A). A court "disposition" sheet contained the notation: "Case Terminated." On June 23, 2022, the trial court filed a "reactivation entry," finding the case was "terminated in error" due to "the pending counterclaims."

{¶ 13} On June 23, 2022, the trial court filed an order granting the motion for summary judgment of Phillips Funeral Home on its counterclaim. That entry provided in part: "Judgment against Plaintiff on Defendant's Counterclaim is hereby awarded to Defendant in an amount to be determined separately." (Order Granting Mot. for Summ. Jgmt.) On June 30, 2022, Bankers Life filed a motion for default judgment against appellants on its counterclaim, seeking a declaration that appellants have no claim to the disputed proceeds. On June 30, 2022, the trial court filed a decision and entry denying McCall's motion for default judgment on his counterclaim. On July 25, 2022, appellants filed a notice of appeal from the trial court's order of June 23, 2022.

## II. Assignments of Error

{¶ 14} On appeal, appellants set forth the following two assignments of error for our review:

> [I.] The Trial Court Erred in Granting Summary Judgment to the Defendant when the Defendant Put forth Evidence that it Relied on Authorization Executed by Someone other Than the Decedent's Wife to Embalm the Decedent, Thereby Limiting Depriving the Decedent's Wife of The Opportunity to Freely Contract.
>
> [II.] The Trial Court Erred in Granting Summary Judgment When The Plaintiff Put Forth Evidence that The Contract was An Unconscionable Adhesion Contract, Wherein Equity Demands that It Be Unenforceable.

## III. Analysis

{¶ 15} Both of appellants' assignments of error challenge the trial court's order granting summary judgment in favor of Phillips Funeral Home on its counterclaim. Before this court may reach the merits of the assignments of error, we must first address the threshold jurisdictional issue as to whether we are presented with a final appealable order.

In accordance with R.C. 2505.03, the jurisdiction of appellate courts is limited to "the review of final orders, judgments and decrees." *Corbitt v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 03AP-897, 2004-Ohio-1011, ¶ 5. Neither party has specifically raised the issue of whether the trial court's order of June 23, 2022 is a final appealable order. However, "it is well-settled that an appellate court may raise jurisdictional questions sua sponte and must dismiss an appeal that is not taken from a final appealable order." *Wray v. Ice House Ventures*, *L.L.C.*, 10th Dist. No. 19AP-459, 2020-Ohio-6935, ¶ 9, citing *Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 8 (10th Dist.).

{¶ 16} An order of a trial court "is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Nationwide Mut. Fire Ins. Co. v. M.B. Roofing Sys., Inc.*, 10th Dist. No. 12AP-44, 2012-Ohio-6195, ¶ 7, citing *Eng. Excellence, Inc. v. Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10. Appellate courts therefore "use a two-step analysis to determine whether an order is final and appealable." *Id.* The first step requires the court to determine "if the order is final within the requirements of R.C. 2505.02." Second, the reviewing court "determines whether Civ.R. 54(B) applies and, if so, whether the order being appealed contains a certification that there is no just reason for delay." *Id.* Civ.R. 54(B) "is relevant only if the trial court's order first qualifies as a final order under R.C. 2505.02." *Eng. Excellence* at ¶ 11. *See also Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989) (noting that only "[i]f the court finds that the order complies with R.C. 2505.02 and is in fact final" must the court then "take a second step to decide if Civ.R. 54(B) language is required").

{¶ 17} Because a reviewing court "only has jurisdiction to review final orders, * * * where a judgment does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), the appeal must be dismissed." *Newcomer v. Nationwide Ins. Ent.*, 10th Dist. No. 02AP-873, 2003-Ohio-960, ¶ 11. The provisions of R.C. 2505.02(B) specify "what kinds of orders, judgments and decrees are final appealable orders." *Corbitt* at ¶ 5. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."

{¶ 18} In general, "orders determining liability * * * but deferring the issue of damages are not final appealable orders because they do not determine the action or prevent a judgment." *Newcomer* at ¶ 12, citing *State ex rel. White v. Cuyahoga Metro.*

*Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997). *See also Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989) ("As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order * * *."). Further, " 'judgments that determine liability, but defer the issues of damages for later determination, are not final appealable orders * * * because damages are part of a claim for relief.' " *Reida v. Thermal Seal, Inc.*, 10th Dist. No. 01AP-354 (Nov. 29, 2001), quoting *McKee v. Inabnitt*, 4th Dist. No. 01CA711 (Sept. 26, 2001). *See also Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 165 Ohio App.3d 281, 2006-Ohio-187, ¶ 25 (6th Dist.) ("A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves.").

{¶ 19} As noted under the facts, the counterclaim of Phillips Funeral Home against appellant Brown for breach of contract sought damages for the remaining amount due on an unpaid funeral bill, as well as "reasonable attorney fees and court costs." (Counterclaim at ¶ 4.) While the trial court's order from which appellants filed their notice of appeal grants summary judgment in favor of Phillips Funeral Home on its counterclaim, the court's order left the "amount [of the award] to be determined separately." (Order Granting Mot. for Summ. Jgmt.)

{¶ 20} Here, while the order appealed from determines liability, it does not resolve the issue of damages (i.e., it does not determine the entire claim for relief), and therefore such order is not final and appealable. *Corbitt* at ¶ 7 (dismissing appeal for lack of final appealable order as "appellants' breach of contract claim is not completely adjudicated because the trial court has yet to determine the amount of * * * damages"). *See also Jenkins v. Nelson Frame & Axle Serv., Inc.*, 10th Dist. No. 77AP-915 (Mar. 23, 1978) (concluding that appeal "is not taken from a final appealable order since only the issue of liability has been determined, but the cause is still pending in the trial court upon the issue of damages, and no judgment can be entered upon the * * * claim * * * until both issues are determined"); *Chilli Assocs. Ltd. v. Denti Restaurants, Inc.*, 4th Dist. No. 21CA3743, 2022-Ohio-848, ¶ 33 (trial court's grant of summary judgment on breach of contract claims, deferring for later adjudication the amount of damages for costs, expenses, and attorney fees, "did not fully resolve any" breach of contract claim).

## IV. Conclusion

{¶ 21} Accordingly, because appellants have not appealed from a final order of the trial court, we lack jurisdiction to consider the merits of this appeal. *See Reida* ("In the absence of a final appealable order, this court lacks jurisdiction to review the assigned errors."). Based upon the foregoing, this appeal is sua sponte dismissed for lack of a final appealable order.

*Appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.

_____