[Cite as *Wernert v. Ohio Parole Bd.*, 2023-Ohio-1984.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Patricia Wernert et al., | : | |
| Plaintiffs-Appellants, | : | No. 22AP-580 |
| | | (C.P.C. No. 21CV-4800) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Parole Board et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 15, 2023

**On brief:** *ACLU of Ohio Foundation*, *David J. Carey*, *Freda J. Levenson*, *Amy R. Gilbert*, and *Ohio Justice & Policy Center*, *David A. Singleton*, *Mark Vander Laan*, and *Pamela H. Thurston* for appellants. **Argued:** *David J. Carey*.

**On brief:** *Dave Yost*, Attorney General, and *D. Chadd McKitrick* for appellees. **Argued:** *D. Chadd McKitrick*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiffs-appellants, Patricia Wernert and George Clayton, appeal from a judgment of the Franklin County Court of Common Pleas, purporting to dismiss their complaint for failure to state a claim upon which relief may be granted. For the following reasons, we dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The procedural history of this case is tied to a previously filed complaint against appellees filed by Shawn Brust and Melissa Grasa, ("Brust complaint"). Though the complaint filed by Brust and Grasa is not part of the record in this appeal, the material

allegations and the nature of the claims alleged in the Brust complaint can be gleaned from the trial court's August 24, 2022 decision and entry filed in this case.

{¶ 3}     On May 13, 2021, Brust and Grasa, both of whom are inmates in the custody and control of the Ohio Department of Rehabilitation and Correction ("ODRC"), filed a complaint against appellees alleging they had been denied meaningful consideration of parole due to appellees' implementation of a "blanket policy" prohibiting prospective parolees from accessing victim impact statements submitted to appellees. (Aug. 24, 2022 Decision & Entry at ¶ 6, citing Brust compl. at ¶ 25). Brust and Grasa alleged that the victim impact statements contained false information and they sought both a declaration that appellees' policy violated Ohio law and an injunction prohibiting appellant from employing the policy in processing future parole applications. The trial court found that the claims in the Brust complaint were predicated alternatively upon statutory law and the rule of law articulated by the Supreme Court of Ohio in *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 24.[1]

{¶ 4}     On June 16, 2021, appellees moved the trial court to dismiss the Brust complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim for relief. Appellees argued that R.C. 5120.21(D)(5) required appellees to keep victim impact statements confidential and none of the recognized exceptions applied. Appellees also disputed Brust's and Grasa's claim that the rule of law in *Keith* and its progeny permit an inmate to access victim impact statements submitted to appellees in the parole process.

{¶ 5}     On July 28, 2021, appellants, who are also inmates in the custody and control of ODRC, filed a complaint against appellees alleging they had been denied meaningful consideration of parole due to appellees' "blanket practice" of denying parole to any inmate serving a sentence commuted to life in prison pursuant to *Lockett v. Ohio*, 438 U.S. 586 (1978). On September 28, 2021, appellees moved the trial court, pursuant to Civ.R. 12(E), for an order requiring appellants to file an amended complaint attaching copies of certain

---

[1] In *Keith*, the parole board denied Keith's request for parole. In its decision, the parole board expressly relied on information in his parole board file indicating that he had been paroled eight times, when in fact he had been paroled just six times. Keith brought a mandamus action seeking a new parole hearing. The Supreme Court of Ohio issued a writ of mandamus upon finding that Keith "made a showing that there may be substantive errors in his record." *Id*. at ¶ 30. The court held that the parole board "must therefore conduct an investigation into Keith's allegations and correct any substantive errors" in his parole board file. *Id*.

documents relating to their parole. Appellees also filed a motion, pursuant to Civ.R. 42, seeking consolidation of this case with the Brust case, arguing that the two cases presented common questions of law or fact.

{¶ 6}    Appellants disputed certain representations made by appellees in their memorandum in support of consolidation, but they did not oppose consolidation. On November 23, 2021, the trial court granted appellees' unopposed motion and consolidated the two cases. Appellees' motion for a definite statement had been fully briefed and was still pending when the two cases were consolidated.[2]

{¶ 7}    On August 24, 2022, the trial court issued a decision and entry granting appellees' motion to dismiss the Brust complaint for failure to state a claim upon which relief could be granted. The trial court determined that the allegations in the Brust complaint, if accepted as true, did not give rise to a justiciable controversy. In addressing Brust's common law claims, the trial court determined that *Keith* and its progeny do not vest Ohio inmates with a legally protected right of access to victim impact statements submitted to appellees in connection with parole.

{¶ 8}    The August 24, 2022 decision and entry was filed in each of the two consolidated cases. The text of the decision and entry contains no mention of appellants by name and no reference or citation to any of the specific allegations in appellants' complaint. Other than the caption of the consolidated cases, the August 24, 2022 decision and entry pertains exclusively to the Brust case.

{¶ 9}    According to appellants' merit brief in this appeal, appellants' counsel contacted the trial court after receiving a copy of the August 24, 2022 decision and entry and were informed by trial court staff that the trial court intended to sua sponte dismiss their complaint when it issued the ruling. Appellants maintain that they timely-filed their appeal in this case after receiving this information from the trial court. Brust and Grasa also appealed to this court from the August 24, 2022 decision and entry. *See Brust v. Ohio Parole Board*, case No. 22AP-581.

{¶ 10}    On September 28, 2022, this court issued a journal entry sua sponte consolidating the two appeals on concluding that these cases appear to involve similar parties

---

[2] In January 2022, another Ohio inmate sought to intervene in this action, but the motion was denied.

and issues. In a subsequent journal entry dated October 3, 2022, we reconsidered consolidation and granted appellants' unopposed motion to deconsolidate the appeals docketed under case Nos. 22AP-580 and 22AP-581.

## II. ASSIGNMENT OF ERROR

{¶ 11}    Appellant assigns the following error for our review:

> The trial court erred by dismissing Appellants' claims sua sponte and without prior notice, based solely on an order granting a motion to dismiss filed in a different case, and without providing reasoning for the dismissal.

## III. FINAL APPEALABLE ORDER

{¶ 12}    Although neither party in the present case has questioned whether the August 24, 2022 decision and entry, constitutes a final appealable order in appellants' case, we have the duty to sua sponte determine whether we have jurisdiction of this appeal. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221; *G. Scottco Invest. Co. v. Korleski*, 10th Dist. No. 10AP-582, 2011-Ohio-6656, ¶ 7. "In accordance with R.C. 2505.03, the jurisdiction of appellate courts is limited to 'the review of final orders, judgments and decrees.' " *Estate of Brown v. McCall*, 10th Dist. No. 22AP-458, 2023-Ohio-780, ¶ 15, quoting *Corbitt v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 03AP-897, 2004-Ohio-1011, ¶ 5. "If the order is not a final appealable order, we lack jurisdiction and must dismiss the appeal." *State Dept. of Taxation v. Barney*, 10th Dist. No. 21AP-461, 2023-Ohio-636, ¶ 7, citing *G. Scottco Invest. Co.* at ¶ 7, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993).

{¶ 13}    Civ.R. 54 provides that a " 'Judgment' as used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court." The August 24, 2022 decision and entry journalized in this case clearly declines to order the relief requested by the Brust complaint, but it neither orders nor declines to order the relief sought by appellants' complaint. The August 24, 2022 decision and entry does not explicitly dispose of appellants' complaint.

{¶ 14}    Appellees' claim, however, the August 24, 2022 decision and entry was intended as a sua sponte dismissal of appellants' complaint, even though the decision and entry does not mention appellants by name and does not refer to any specific allegation in their complaint. Appellees reasons that because the August 24, 2022 decision and entry was

filed in appellants' case and because the factual allegations and legal theories asserted in the two complaints are the same, the August 24, 2022 decision and entry dismissing the Brust complaint impliedly disposed of appellants' complaint on the same grounds. We disagree.

{¶ 15} As there was no motion to dismiss filed in this case, the purported dismissal of appellants' complaint was without notice to the parties. We have recognized that Civ.R. 12(B)(6) "neither expressly permits nor forbids courts to sua sponte dismiss complaints for failure to state a claim upon which relief can be granted, generally a court may dismiss a complaint on its own motion only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 10, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). We cautioned that sua sponte dismissal of a case on the merits without notice is warranted only " 'when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 12, quoting *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, ¶ 14, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

{¶ 16} The material allegations in this case are summarized in the complaint as follows:

> The Board denied meaningful consideration to Ms. Wernert and Mr. Clayton—who have both been incarcerated in Ohio's prison system since 1976—through the Board's current practice or policy of denying parole to all individuals, regardless of individual circumstances, who were previously sentenced to death but are now parole eligible. Upon information and belief, the Board has applied this practice or policy since at least 2016.

(July 28, 2021 Compl. at ¶ 2.)

{¶ 17} In our view, the fact that the August 24, 2022 decision and entry dismissing the Brust complaint was also filed in the present case is of no moment as the local rules of the common pleas court provide that all pleadings filed after the consolidation order "shall bear the complete captions of all consolidated cases and shall be filed in each case."

Loc.R. 31(E)(2).     The local rules further provide that "[a]lthough cases have been consolidated, each case shall remain separate and distinct." Loc.R. 31(E)(2).[3]

{¶ 18}    With respect to the factual allegations in the two complaints, even though both the Brust complaint and appellants' complaint allege that appellees erroneously employed a blanket policy or practice in denying the respective parole applications, the specific policy or practice at issue in the two cases is materially different. The Brust complaint alleges that the victim impact statements upon which appellees rely in reviewing parole applications contain false information. Brust and Grasa seek access to those statements in order to identify and rebut any false information. As the trial court explained in the August 24, 2022 decision and entry, the claims in the Brust complaint are predicated alternatively on an exception to R.C. 5120.21(D)(5) and an alleged good faith extension of the rule of law in *Keith*.

{¶ 19}    By contrast, appellants complaint does not allege that appellees relied on false information in denying parole. Rather, appellants claim that parole was not given meaningful consideration in their cases due to the undisputed fact that their sentences had been commuted and appellees' blanket practice of denying parole to inmates serving a sentence commuted pursuant to *Lockett*. Thus, the facts alleged in appellants' complaint are significantly different than those alleged in the Brust complaint. Additionally, unlike the Brust complaint, there is no apparent statutory provision directly applicable to appellants' claims for declaratory and injunctive relief. Indeed, the legal theory relied on by appellants is this case is largely unknown because the trial court's August 24, 2022 decision and entry was issued without prior notice to appellants.

{¶ 20}    We do not find it permissible to infer a sua sponte dismissal of appellants' complaint from the language of the August 24, 2022 decision and entry. Moreover, there is no dispute that appellants filed their appeal only after they contacted the trial court and learned that the August 24, 2022 decision and entry was intended as a sua sponte dismissal of their complaint. The trial court, however, never journalized an entry or order either

---

[3] Because the August 24, 2022 decision and entry confines its discussion to the four corners of the Brust complaint and fails to address the specific factual allegations in appellants' complaint this court does not have the benefit of the trial court's analysis for purposes of appellate review. Thus, even if we were to accept jurisdiction of this appeal, and even though this court's review of a Civ.R. 12(B)(6) dismissal is de novo, we cannot review trial court judgments in a vacuum. *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, ¶ 16 (10th Dist.).

explicitly dismissing appellants' complaint or otherwise explaining that the August 22, 2022 decision and entry was intended as a sua sponte dismissal of appellants' complaint.

{¶ 21}    The only indication in the record that the August 24, 2022 decision and entry had any impact on appellants' case is a notation in the disposition/tie-off sheet that other pending motions in appellants' case are moot.  It axiomatic, however, that a trial court speaks exclusively through its journal entries.  *Ruben v. Ruben*, 10th Dist. No. 12AP-717, 2013-Ohio-3924, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163 (1995); *State v. King*, 70 Ohio St.3d 158, 162 (1994); *In re Adoption of Gibson*, 23 Ohio St.3d 170, 173 (1986), fn. 3.  A disposition/tie-off sheet is neither a journal entry nor a judgment.  *Nationstar Mtge. LLC v. Bates-Brown*, 10th Dist. No. 18AP-639, 2019-Ohio-1073, ¶ 14.  ("The tie-off sheet serves merely an administrative and not substantive function by removing pending motions from the trial court's docket.")

{¶ 22}    Because it is not reasonable to read the August 24, 2022 decision and entry as a sua sponte dismissal of appellants' complaint, and because there is no other entry or order in the record dismissing appellants' complaint, we conclude that the trial court did not issue a final judgment in this case.  Accordingly, we must dismiss the appeal for the lack of a final appealable order.

## IV. CONCLUSION

{¶ 23}    Having determined that the August 24, 2022 decision and entry is not a final appealable order, we sua sponte dismiss the appeal for lack of appellate jurisdiction.

*Appeal dismissed.*

BEATTY BLUNT, P.J. and LELAND, J., concur.

_____